IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **FILED UNDER SEAL** |
| | ) | |
| v. | ) | Criminal Action No. 06- 121- SLR |
| | ) | |
| GARY MIN, a.k.a. | ) | |
| YONGGANG Min, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorney,

Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Gary

Min, a.k.a. Yonggang Min, by and through his attorney, Michael M. Mustokoff, Esquire, the

following agreement is hereby entered into by the respective parties:

1.    The defendant agrees to waive indictment and plead guilty in the United States District

Court for the District of Delaware to Count I of the Felony Information.  Count I charges him with

theft of trade secrets, in violation of 18 U.S.C. § 1832(a).   The maximum penalties for Count I are

ten years imprisonment, a $250,000 fine, three years of supervised release, a $100.00 special

assessment, and restitution.

2.    The defendant understands that the elements of the offense to which he is pleading

guilty are: (1) the defendant appropriated information without the authorization of its owner; (2) the

defendant knew that the information was proprietary; (3) the information was a trade secret; (4) the

defendant acted with the intent to benefit economically a person other than the authorized owner of

the information; (5) the defendant knew or was aware to a practical certainty that his conduct would result in some injury to the owner of the trade secret; and (6) the trade secret related to a product that is produced for or placed in interstate or foreign commerce.

3.    The defendant understands that at sentencing the Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a).

4.    The parties agree that the fair market value of the property unlawfully downloaded by the defendant exceeds $400,000,000.  The government understands that the defendant does not believe that the fair market value of the property taken should be used to calculate the amount of loss under § 2B1.1(b)(1) of the Sentencing Guidelines.

5.    Provided that the United States does not learn after the entry of the defendant's guilty plea of conduct by the defendant that is inconsistent with acceptance of responsibility, the United States agrees to recommend a three-level reduction in the defendant's sentencing guideline range pursuant to U.S.S.G. § 3E1.1(b).

6.    The defendant understands that the final determination of the sentencing guidelines will be up to the sentencing judge.  The defendant further understands that the Court is not bound by any agreement between the parties, and, if the Court calculates the guidelines differently than he expects, or contrary to any recommendation of his attorney or the United States, that he will not be allowed to withdraw his guilty plea.

7.    The defendant agrees to pay the $100 special assessment the day of sentencing.

8.    The defendant agrees to cooperate fully and truthfully with the Government as

follows:

a.    The defendant agrees to provide truthful, complete and accurate information and testimony. The defendant understands that if he testifies untruthfully in any material way he can be prosecuted for perjury.

b.    The defendant agrees to provide all information concerning his knowledge of, and participation in, the subject matter of the Information of which he has knowledge, and any other crimes about which he has knowledge. The defendant further understands and agrees that all information and cooperation provided pursuant to this agreement is on the record.

c.    The defendant agrees that he will not falsely implicate any person or entity and he will not protect any person or entity through false information or omission.

d.    The defendant agrees to testify truthfully at any Grand Jury, hearing, or trial when called as a witness.

e.    The defendant agrees to hold himself reasonably available for any interviews as the Government may require.

f.    The defendant agrees to provide all documents or other items under his control or which may come under his control which may pertain to any crime.

g.    The defendant understands that his cooperation shall be provided to any law enforcement agency as requested by counsel for the Government.

h.    To enable the Court to have the benefit of all relevant sentencing information, the defendant waives any rights to a prompt sentencing, and will request that sentencing be postponed until his cooperation is complete.

i.    The defendant agrees and understands that this agreement requires that his

3

cooperation may continue even after the time that the defendant is sentenced.

       j.    The defendant agrees that if the Government determines that the defendant has not provided full and truthful cooperation, or has committed any federal, state, or local crime, between the date of this agreement and his sentencing, or has otherwise violated any other provision of this agreement, the agreement may be voided by the Government and the defendant shall be subject to prosecution for any federal crime which the Government has knowledge including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation. The prosecution may be based on any information provided by the defendant during the course of his cooperation, and this information may be used as evidence against him. Moreover, the defendant's previously entered guilty plea will stand and cannot be withdrawn by him.

      9.    If the Government in its sole discretion determines that the defendant has fulfilled his obligations of cooperation as set forth above, at the time of sentencing, the Government will:

       a.    Make the nature and extent of the defendant's cooperation known to the Court.

       b.    Make a motion to allow the Court to depart from the Sentencing Guidelines pursuant to Sentencing Guideline §5K1.1, only if the Government, in its sole discretion, determines that the defendant has provided substantial and truthful assistance in an investigation or prosecution. The defendant understands that as of the date of this agreement, no determination has been made as to the defendant's eligibility for a substantial assistance motion. The defendant further understands that the Government in its sole discretion will decide whether and how to investigate any information provided by him. The defendant further understands that if he breaches this plea agreement in any way, including by committing a new crime after the date of this agreement, the Government may refuse to file a substantial assistance motion.

c.    Make whatever sentencing recommendation the Government deems appropriate.

10.  The defendant's rights under this agreement shall in no way be dependent upon or affected by the outcome of any case in which he may testify.

11.  It is further agreed by the undersigned parties that this Memorandum supersedes all prior  promises, representations, and statements of the parties; that this Memorandum may be modified only in a written document signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.


_____          _____
Michael M. Mustokoff, Esquire                    Colm F. Connolly
Attorney for Defendant                                United States Attorney

_____
Gary Min, a.k.a. Yonggang Min
Defendant

Dated: _10.27.06_


**AND NOW**, this _____ day of _____, 2006, the foregoing

Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.


_____
UNITED STATES DISTRICT JUDGE

